UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

ADAM ERWIN,

   Appellant,

   v.

DEPARTMENT OF HOMELAND
 SECURITY,

   Agency.

DOCKET NUMBER
DA-0752-13-0523-I-1

DATE: October 17, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Mark L. Cohen, Esquire, Chicago, Illinois, for the appellant.

Marilyn R. Chambers, Esquire, and Robert H. Humphries, Esquire,
 Houston, Texas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which sustained his removal for inability to perform the essential duties of his position. Generally, we grant petitions such as this one only when: the initial decision

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2  The agency removed the appellant from his position as a Marine Interdiction Agent, based on a charge of inability to perform the essential duties of his position. Initial Appeal File (IAF), Tab 6, Subtab 4b at 1. As a Marine Interdiction Agent, the agency specified that the appellant was required, among other things, "to use proper judgment and make quick decisions in law enforcement situations to protect the life of self, public, and other law enforcement personnel, [and] carry a government issued weapon." *Id*., Subtab 4h at 1. The appellant's position required "a high degree of reliability including a responsibility to the public." *Id*., Subtab 4ac at 1. Based on the strenuous and hazardous nature of the duties typically performed, the agency required the appellant to meet certain physical and medical requirements such that any psychiatric condition could result in medical disqualification if the condition affected his ability to perform the essential duties of his position. *Id*.; *see id*., Subtab 4z at 7. In the position description summary, the agency stated that any condition hindering the full and effective performance ability of an individual in

the appellant's position or causing an individual to be a hazard to himself or to others is disqualifying. *Id.*, Subtab 4ac at 2; *see id.*, Subtab 4z at 7.

¶3    The agency removed the appellant based primarily on the August 4, 2012 report provided by Dr. Nahmias, a Board-certified psychiatrist, who performed a psychiatric fitness-for-duty examination and risk assessment. *Id.*, Subtabs 4b, 4h. The agency asked Dr. Nahmias to evaluate the appellant after the results of a routine safety survey and subsequent follow-up memoranda revealed concerning incidents involving the appellant. *Id.*, Subtabs 4h, 4j, Tab 19, Exhibit 9. Dr. Nahmias diagnosed the appellant with a severe adjustment disorder and concluded that the appellant posed a potential threat to himself and others. *Id.*, Subtab 4l at 7-8. Dr. Prunier, another Board-certified psychiatrist, agreed with Dr. Nahmias' opinion that the appellant was not psychiatrically fit for duty. *Id.*, Subtab 4j at 2, 4. The agency removed the appellant based on the medical findings. *Id.*, Subtab 4b at 2.

¶4    The appellant appealed his removal, alleging that he was fit for duty and that his removal was in reprisal for reporting that several coworkers and managers engaged in fraud, waste, and abuse. IAF, Tab 1 at 6, Tab 18 at 60. He argued, among other things, that the coworkers and management he implicated in his report falsely alleged that he was a threat to himself and others and that their false allegations resulted in his removal. IAF, Tab 1 at 6. The appellant also referred to an opinion he provided from an independent psychiatrist, Dr. Raheem, who concluded that he had no psychiatric symptoms that were not amenable to treatment or required any follow-up. IAF, Tab 1 at 6, Tab 6, Subtab 4k. The appellant initially requested a hearing on his appeal; however, he later withdrew his request and asked the administrative judge to make a decision based on the written record. IAF, Tab 11 at 3.

¶5    The administrative judge issued a 30-page initial decision thoroughly analyzing the probative value of the parties' submissions, including the three psychiatric reports, and found that the agency proved the charge by preponderant

evidence.  IAF, Tab 20, Initial Decision (ID) at 2, 21.  The administrative judge also found that the appellant failed to prove his affirmative defense of whistleblower retaliation.   ID at 21, 28.   In reaching her decision, the administrative judge found that the appellant made protected disclosures under 5 U.S.C. § 2302(b)(8) and, based on the knowledge and timing test, those disclosures were a contributing factor in the agency's action; however, she found that the agency proved by clear and convincing evidence that it would have taken the same action absent his disclosures.  ID at 23, 28.  The administrative judge also found that the removal penalty was reasonable and promoted the efficiency of service because the agency submitted evidence demonstrating that there was no position available that the appellant could perform.  ID at 30.

¶6        In challenging the initial decision affirming his removal, the appellant argues, for the first time on review, that the agency displayed a lack of candor, committed perjury, and violated his constitutional rights under the First and Fourth Amendments.[2]  Petition for Review (PFR) File, Tab 1 at 5.  The appellant also alleges that the agency refused to provide the documents he requested under the Freedom of Information Act (FOIA) in June 2012, and he asks the Board to delay his appeal until he receives the documents he requested pertaining to his job performance and the alleged fraud, waste, and abuse.  *Id.*  However, none of these issues were included in the administrative judge's Notice of Rulings, in which she identified the issues in dispute on appeal.  IAF, Tab 15 at 1.  Because the appellant failed to object to the administrative judge's ruling identifying the

---

[2] The appellant alleges that agency witnesses perjured themselves in their depositions by, among other things, falsely stating that his mother died near the time that his behavior became erratic, that he rarely took vacation, and that his life was on an unsuccessful spiral.  Petition for Review File, Tab 1 at 5-6.  He alleges that the agency maliciously presented "information in a twisted manner that indicates there is something wrong with" him in an "effort to turn benign actions into mental illness accusations."  *Id.* at 7.  He also alleges that the agency violated his Fourth Amendment rights by searching his home and his car on June 12, 2012, and that the agency violated his First Amendment rights by terminating him in reprisal for whistleblowing.  *Id.* at 5.

issues in dispute or submit a motion to supplement her summary of issues in dispute, as required on appeal below, the appellant is precluded from raising these additional issues on review. *See id*. at 3.

¶7        Moreover, although the appellant complains about the agency's alleged failure to produce documents pursuant to his FOIA request, he does not indicate that he attempted to obtain documents through the Board's discovery process or that he filed a motion to compel discovery, although the administrative judge informed him of the procedure for doing so. PFR File, Tab 1 at 5; IAF, Tab 2 at 2-3; *see Ioannou v. Office of Personnel Management*, 56 M.S.P.R. 426, 431-32 (1993). Furthermore, the appellant has not shown any jurisdictional basis that permits the Board to hear disputes concerning an agency's alleged failure to provide documents in response to a FOIA request. *See Ioannou*, 56 M.S.P.R. at 431-32; *see also* 5 U.S.C. § 552(a)(4)(B) (U.S. district courts have jurisdiction to decide disputes over an agency's compliance with FOIA).

¶8        On review, the appellant also challenges the administrative judge's finding that the agency met its burden of proving the charge of inability to perform the essential duties of his Marine Interdiction Agent position. PFR File, Tab 1 at 5. The appellant argues, inter alia, that the administrative judge's initial decision did not take "sufficient notice of the perjury of the agency and the impact that the perjury had on the decision of Dr. [] Nahmias." *Id*. For the reasons explained above, the Board will not consider the merits of the appellant's perjury allegations. However, based on the appellant's general allegation that Dr. Nahmias relied on misleading statements provided by the agency, we will review the administrative judge's assessment of the probative weight of Dr. Nahmias' medical opinion. PFR File, Tab 1 at 7.

¶9        In assessing the probative weight of medical opinion, the Board considers whether the opinion was based on a medical examination, whether the opinion provided a reasoned explanation for its findings as distinct from mere conclusory assertions, the qualifications of the expert rendering the opinion, and the extent

and duration of the expert's familiarity with the treatment of the appellant. *Slater v. Department of Homeland Security*, [108 M.S.P.R. 419](), ¶ 16 (2008). Dr. Nahmias examined the appellant and provided a detailed, well-reasoned opinion and a sworn declaration, diagnosing the appellant with a severe, unspecified adjustment disorder, and concluding that he was not fit for duty because he was a potential threat to himself and others. IAF, Tab 6, Subtab 4L at 7-8, Tab 19 at Exhibit 9.

¶10    Dr. Nahmias based his opinion on more than just the allegedly misleading statements provided by the agency. Dr. Nahmias also based his opinion on: his 3-hour interview with the appellant; the results of a supervised Minnesota Multiphasic Personality Inventory-2; the agency's initial fitness-for-duty examination with attached information regarding the reason for the request, memoranda from seven Marine Interdiction Agents and seven 2012 safety surveys; the results of the fitness-for-duty examination by Dr. Ashby on July 2, 2012, and a handwritten note from Dr. Ashby; and the job description for a Marine Interdiction Agent. *See* ID at 6; IAF, Tab 6, Subtab 4*I* at 1. Dr. Nahmias also reviewed the appellant's position description and determined that he is restricted from carrying a weapon and he is unable to safely, efficiently, and reliably perform any of the tasks of his position. IAF, Tab 6, Subtab 4L at 7-8. Dr. Nahmias concluded that, although the appellant's restrictions are not permanent, his prognosis for a return to full-duty is uncertain because of his lack of cooperation. *Id*.

¶11    As explained above, another Board-certified psychiatrist, Dr. Prunier, reviewed the records concerning the appellant and concurred in Dr. Nahmias' opinion that the appellant was not fit for duty. IAF, Tab 6, Subtab 4j. Dr. Prunier also opined that Dr. Nahmias' evaluation was credible, complete, and well-documented. *Id*. On review, the appellant has not submitted any medical evidence contradicting the opinions of Drs. Nahmias and Prunier.

¶12     In sustaining the agency's charge, the administrative judge found that the well-reasoned medical opinions of Dr. Prunier and Dr. Nahmias that the appellant is not fit for duty were entitled to more probative weight than the second opinion the appellant provided from Dr. Raheem, concluding that the appellant had no psychiatric symptoms. ID at 20; IAF, Tab 6, Subtabs 4j-*l*. Contrary to the appellant's arguments on review, the administrative judge carefully considered the medical evidence, which included affidavits from Dr. Nahmias and Dr. Prunier disagreeing with Dr. Raheem's opinion. ID at 6-16, 18-21; IAF, Tab 19, Exhibits 9-10. The administrative judge found that nothing in the record indicated Dr. Raheem was qualified to render an opinion concerning the appellant's fitness for duty.[3] ID at 20. The administrative judge also found that Dr. Raheem's report did not indicate that she reviewed the appellant's position description, conducted any psychological testing, or reviewed or considered any of the memoranda or safety surveys that gave rise to the agency's safety concerns. ID at 20. Based on the foregoing, the administrative judge found that Dr. Raheem's report had limited probative value because it was conclusory and devoid of any supporting medical documentation or explanation in support of her conclusions. ID at 20. The appellant's arguments on review present no reason to disturb the administrative judge's findings concerning the probative weight of the medical evidence or her decision to sustain the agency's charge based on her finding that "it was more likely than not true that the appellant is unable to perform the essential duties of his position." ID at 21.

¶13     On review, the appellant also challenges the administrative judge's finding that he failed to prove his affirmative defense of whistleblower retaliation, arguing that "the agency has never treated a similarly[-]situated employee as they [treated him]." PFR File, Tab 1 at 8. He asserts that there were other agents described as unsafe in the safety survey and that the agency did not refer any of

---

[3] Dr. Raheem's curriculum vitae is not part of the record and her professional licenses and certifications are not specified.

them for a fitness-for-duty physical. *Id.* He further argues that there are agents who fail their physicals, and the agency just tells them to get another one. *Id.*

¶14 In finding that the agency had shown by clear and convincing evidence that it would have removed the appellant absent any protected disclosures, the administrative judge found that there was no evidence showing that the agency treated any similarly-situated employee, who was not a whistleblower, more favorably than the appellant. ID at 28. The appellant has not submitted or cited any evidence to support his conclusory arguments on review, and we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶15 On review, the appellant challenges the administrative judge's finding that the removal penalty is reasonable and promotes the efficiency of service, arguing that the "[t]he agency made no attempt at a less costly and more compassionate solution." PFR File, Tab 1 at 9. Generally, in instances where an employee cannot perform the essential functions of his position, the Board will consider whether the agency could have instead reassigned the employee to a vacant position within his medical restrictions. *See Brown v. Department of the Interior*, 121 M.S.P.R. 205, ¶ 17 (2014). Removal for inability to perform the essential functions of a position promotes the efficiency of the service, particularly when the inability to perform would endanger the health and safety of others. *See id.*

¶16 The agency identified several non-law enforcement positions that the appellant was qualified for; however, Dr. Nahmias reviewed the position descriptions for these jobs and opined that the appellant was unable to perform any of the job functions of those positions. ID at 29-30; IAF, Tab 6, Subtab 4i, Tab 19, Exhibit 22. Based on this evidence, the administrative judge found that

the agency had demonstrated that it could not reassign the appellant to another position and that his removal promoted the efficiency of the service. ID at 30. The appellant argues that the agency should have considered a lesser penalty to address its safety concerns, such as verbal counseling or training. However, where, as here, the agency has established the charge, the Board generally will not disturb the penalty unless it exceeds the bounds of reasonableness. We do not believe the penalty of removal exceeds the bounds of reasonableness in this case. We therefore find that the appellant's arguments on review are not sufficiently sound to overturn the administrative judge's finding that the appellant's removal, based on the proven charge of inability to perform the essential duties of a Marine Interdiction Agent, was reasonable and promoted the efficiency of the service.

¶17   Finally, as an attachment to his petition for review, the appellant has submitted numerous leave slips ranging in date from 2010 through 2012 and an electronic message acknowledging a pending FOIA request. PFR File, Tab 1 at 10, 12-34. The appellant asserts that some of this evidence was unavailable before the record closed on appeal. *Id.* at 10. Even if we determine that this evidence was unavailable, however, it is not of sufficient weight to warrant an outcome different from that of the initial decision. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). Accordingly, while the appellant disagrees with the administrative judge's findings and determinations, he has shown no basis upon which to disturb the initial decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline

and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both.  Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website

at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:        _____
                                                William D. Spencer
                                                Clerk of the Board

Washington, D.C.